IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEPHEN C. BEALE                                                                    PLAINTIFF

v.                              CIVIL NO. 05-5002

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                      DEFENDANT

# MEMORANDUM OPINION

Plaintiff Stephen C. Beale brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

## Procedural Background:

The applications for DIB and SSI presently before this court were filed on May 1, 2003, alleging an inability to work since April 26, 2003, due to chronic obstructive pulmonary disease, osteoarthritis, hypertension and hypothyroidism. (Tr. 51-53, 170-172). An administrative hearing was held on August 3, 2004. (Tr. 180-202). Plaintiff was present and represented by counsel.

By written decision dated September 3, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 17). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the

level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a significant range of sedentary work. (Tr. 17-18). The ALJ found plaintiff was able to perform other work as a dispatcher for utility and electrical companies, an assembly worker and a cashier. (Tr. 18).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on November 5, 2004. (Tr. 2-4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 5,6).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

In the present case, the ALJ determined plaintiff was able to perform a significant range of sedentary work. After reviewing the record we are troubled by the ALJ's failure to address plaintiff's grip strength and his ability to use his hands. In July of 2003, Dr. Conover, who performed a general physical examination of plaintiff at the request of the SSA, observed increased crepitus and popping with a full grasp and noted plaintiff had a ninety percent grip

4

strength. (Tr. 107-108). In December of 2003, Dr. Thomas R. Dykman, examined plaintiff and noted limited flexion along the first metacarpal joint of both hands and interphalangeal joints of both thumbs and the distal interphalangeal joints of the index through small finger in the right hand and the middle and ring finger in the left hand. (Tr. 162). Since most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions, we are troubled by the ALJ's failure to address and specifically discuss the medical evidence revealing some limitations with the use of plaintiff's hands. *See* SSR 96-9p, 1996 WL 374185, *5.[1] Neither Dr. Conover nor Dr. Dykman completed a RFC assessment expressing what limitations plaintiff may have with regard to the use of his hands. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984.) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record).

We believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

---

[1] Social Security Rulings are final opinions and statements of policy of the Commissioner of Social Security, binding on all components of the Social Security Administration. 20 C.F.R. § 422.406(b)(1) (1995); *see also Carter v. Sullivan*, 909 F.2d 1201, 1202 (8th Cir. 1990).

AO72A
(Rev. 8/82)

We are also troubled by the ALJ's finding that plaintiff can perform other work as a dispatcher for utility and electrical companies, an assembly worker and a cashier. The ALJ did call a vocational expert to testify at the hearing. The vocational expert's testimony describes plaintiff's past work, what transferable skills plaintiff acquired through his past work and what jobs plaintiff would be able to perform with those skills. The ALJ did not pose a hypothetical to the vocational expert detailing what if any limitations plaintiff might have. *Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir.1998)("If a hypothetical question does not include all of the claimant's impairments, limitations, and restrictions, or it is otherwise inadequate, a VE's response cannot constitute substantial evidence to support a conclusion of no disability."). After obtaining the RFC assessments from plaintiff's treating and/or examining physicians, the ALJ is directed to specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALJ and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of December 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

**AO72A**
**(Rev. 8/82)**